{¶ 4} I respectfully dissent from the majority's sua sponte dismissal of this appeal on grounds that the court failed to issue a "separate and distinct instrument from the [magistrate's] decision" and that it did not "grant relief on the issues originally submitted to the court." For the same reasons stated in my concurring and dissenting opinion inPlymouth Park Tax Svcs. v. Frazier, Cuyahoga App. No. 90343, et al., motion no. 410459, I find that the court's order satisfied its requirements for adopting a magistrate's decision.
 {¶ 5} Civ. R. 53(D)(4)(e) states that "[a] court that adopts * * * a magistrate's decision shall also enter a judgment or interim order." The court's order overruling objections to the magistrate's decision stated: *Page 5 
 {¶ 6} "The objections to the magistrate's decision are overruled. The Court adopts the magistrate's decision attached hereto and incorporated herein. Decree of foreclosure for Plaintiff. Pursuant to Civ. R. 54(B) the Court finds there is no just reason for delay." (Emphasis added.)
 {¶ 7} Ameriquest styled its complaint as a "Complaint in Foreclosure." By granting a "decree of foreclosure" the court granted relief on the issues originally submitted to it as required by Civ. R. 53(D)(4)(e). Moreover, by adopting the magistrate's reasoning and journalizing the magistrate's decision as part of its own foreclosure decree as allowed by Civ. R. 53(D)(4)(b) ["a court may adopt or reject a magistrate's decision in whole or in part, with or without modification"], the court set forth its reasons in support of the decree of foreclosure. Hence, the court did not "summarily adopt" the magistrate's decision, but in fact fully satisfied the requirements cited by the majority. I therefore conclude that this order is final and appealable in all respects, and would hear the appeal on the merits. *Page 1